# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clarence E Rhodes, Jr., | No. CV-14-02053-TUC-JGZ |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

Pending before the Court is a Report and Recommendation issued by United States Magistrate Eric J. Markovich that recommends denying Petitioner's Habeas Petition filed pursuant to 28 U.S.C. §2254. (Doc. 18.) Petitioner filed an Objection to the R&R on August 7, 2017. (Doc. 19.) For the reasons stated herein, the Court will deny the Objection and adopt the R&R.

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991) (*citing Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)). Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting de novo review of the Magistrate Judge's factual findings; the Court then may make a ruling based on applicable law. *Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979) (citing

*Campbell v. United States Dist. Ct.*, 501 F.2d 196 (9th Cir. 1974)).

As explained by Magistrate Judge Markovich, Petitioner's habeas petition is untimely, is procedurally defaulted, and is not subject to statutory or equitable tolling. Petitioner's judgment became final on April 29, 2008 when his time for seeking appellate review expired. *See* 28 U.S.C § 2244(d)(1)(A); *Gonzalez v. Thaler*, 132 S. Ct. 641 (2012). The one-year limitations period commenced on April 30, 2008 and expired on April 30, 2009, more than five years before the instant § 2254 petition was filed. *See Patterson v. Steward*, 251 F.3d 1243, 1245-47 (9th Cir. 2001). Petitioner's second notice of post-conviction relief (Doc. 16 Ex. J) was untimely filed and Petitioner has pled no conditions under Arizona Rules of Criminal Procedure 32.2(b) under which his untimely claims might be heard.[1] Therefore, Petitioner's second notice for post-conviction relief is not subject to statutory tolling. *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010). Furthermore, Petitioner has failed to meet the high threshold necessary to trigger equitable tolling under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244; *see Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

As Petitioner's objections do not undermine the analysis and proper conclusion reached by Magistrate Judge Markovich, Petitioner's objections are rejected and the Report and Recommendation is adopted.

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* Fed. R. App. P. 22(b)(1) (the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)). Additionally, 28 U.S.C. §2253(c)(2) provides that a certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. In the certificate, the court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. §2253(c)(3). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues

---

[1] Ariz. R. Crim. P. 32.2(b) may permit an untimely or successive petition if a petitioner can establish that he is entitled to relief under Ariz. R. Crim. P. 32.1, including "being held in custody after the sentence imposed has expired." Ariz. R. Crim. P. 32.1(d).

differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the petition is not debatable among reasonable jurists and does not deserve further proceedings.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Report and Recommendation (Doc. 18) is accepted and adopted;
2. Petitioner's §2254 Petition (Doc. 1) is denied;
3. A Certificate of Appealability is denied and shall not issue;
4. Leave to proceed in forma pauperis on appeal is denied and;
5. This case is dismissed. The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

Dated this 25th day of September, 2017.

_____
Honorable Jennifer G. Zipps
United States District Judge